# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| STEPHAN MOORER, | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:12-cv-269-WTL-WGH |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) |
| Defendant. | ) |

**Entry Discussing Defendant's Motion for Summary Judgment**

Plaintiff Moorer seeks the entry of summary judgment in this action against the Federal Bureau of Prisons ("BOP") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The United States Department of Justice ("DOJ") is the proper defendant in such an action, *see* 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552(f), and this agency is therefore **substituted** as the defendant. The caption and docket shall be corrected accordingly.

The defendant seeks resolution of Moorer's claim through the entry of summary judgment. Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. See *Harney v. Speedway*

*SuperAmerica,* LLC, 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

In acting on a motion for summary judgment, the applicable substantive law will dictate which facts are material. *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The FOIA provides jurisdiction in the district courts to "enjoin" an agency, subject to the Act, from "withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. ' 552(a)(4)(B); *see United States Dept. of Justice v. Tax Analysts,* 492 U.S. 136, 145 (1989). FOIA serves the "basic purpose of ensuring an informed citizenry, vital to the functioning of a democratic society." *Bensman v. United States Forest Serv.,* 408 F.3d 945, 958 (7th Cir. 2005). Thus, FOIA requires federal agencies to make information available to the public when requested unless the information falls within one of nine exemptions. *See Enviro Tech Int'l, Inc. v. EPA,* 371 F.3d 370, 374 (7th Cir. 2004).

Having applied the foregoing standard to the pleadings and the evidentiary record in this action, and being duly advised, the court finds that the defendant's motion for summary judgment must be granted. This conclusion rests on the following facts and circumstances:

1. At present and at all times pertinent to the claim in this case, Moorer has been an inmate in the custody of the BOP. For a portion of that time, Moorer was confined at the United States Penitentiary at Terre Haute, Indiana ("USP").

2. On December 8, 2010, the BOP received a FOIA request from Moorer. This was logged as request number **2011-02594** and in this request Moorer sought a) the Appointment

Affidavits and Performance Bonds or Any Bonds on Record pertaining to specified BOP employees; b) a copy of all BP-A0407 documents located in the Inmate Central File, c) any and all documentation authorizing the BOP to allow USP staff to implement the "Blue/Gold" Program currently in Unit F-2, the date these guidelines were submitted to the Federal Register for adoption, and the Federal Register Number of The "Blue/Gold" Program.

3. This FOIA request was acknowledged. Steps to respond to the request were commenced, except as to the request for performance bonds or any other bond because the BOP does not maintain "bonds" or "performance bonds" for its employees.

4. Moorer's FOIA request was granted, and he was informed that the estimated cost of the approximately 2,500 pages that would be released to him pursuant to his FOIA request was $256. On May 10, 2011, Moorer–Bey arranged for the $256 to be paid out of his prison trust account. On November 3, 2011, the BOP released thirteen documents in full, and withheld five pages in full. As to the documents which were withheld, Moorer was informed of "release determination and the nature of the exemptions applied" and of his right to appeal. The same letter of November 3, 2011, informed Moorer that, due to his transfer from the USP Terre Haute to the United States Penitentiary in Marion, Illinois ("USP Marion"), he should advise the BOP within thirty days whether he was still interested in accessing the 2500 records concerning the Blue/Gold Program. The same letter informed Moorer that, absent a response concerning his continued interest in Blue/Gold Program records, it would be presumed that he no longer sought access to the Blue/Gold Program, and would return the advance fee of $256.00. Moorer did not respond to this latter point, so on January 25, 2012, the BOP returned Moorer's treasury check for $256.00 to the USP Marion, to allow the money to be credited to Moorer's trust fund account.

5. On October 17, 2011, Moorer filed an appeal regarding FOIA Request Number 2011-02594. By letter dated November 23, 2011, Moorer amended his appeal, and requested to limit his FOIA request in number 2011-02594 to include only performance and payment bonds, insurance and re-insurance policies, and public financial disclosure records for BOP employees Dennis Wong and Eliezer-Ben Shmuel. On September 6, 2012, the BOP issued a decision letter which: (a) acknowledged the amended appeal as requesting records pertaining to bonds for two BOP employees; (b) affirmed the BOP's declination of portions of FOIA Request Number 2011-02594; (c) rejected Moorer's attempt to expand his initial request to include insurance policies and financial disclosures, advising him that he would need to file a new FOIA request for such documents; and (d) regarding Moorer's request for bonds, advised Moorer that the BOP "does not maintain any information concerning the types of bonds you describe in your request and appeal letters. In fact, this Office has never found any indication that these types of bonds have ever existed within any components of the Department of Justice." Moorer did not thereafter pursue the matter regarding FOIA Request Number 2011-02594.

6. A further administrative appeal was available to Moorer following the events recounted in the preceding paragraph. Moorer did not take the steps seeking such further administrative review. Moorer's failure to complete the available steps in his administrative appeal precludes the judicial review he now seeks pertaining to FOIA Request Number 2011-02594. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 66 (D.C.Cir. 1990); *Gale v. U.S. Government*, 786 F. Supp. 697, 699 (N.D.Ill. 1990). The DOJ is therefore entitled to the entry of summary judgment as to Moorer's claim.

7. There is also mention in this case of two other FOIA requests presented by Moorer. These other requests were received by the BOP on April 24, 2012, and are identified as

requests numbers 2012-07089 and 2012-07090. Receipt of these FOIA requests was acknowledged in a letter sent to Moorer on May 7, 2012. Moorer was notified of the estimated cost of searching for records responsive to his requests. Because Moorer never responded to that notification, these requests were administratively closed. Because they were administratively closed, Moorer failed to exhaust his administrative steps to appeal. The DOJ is therefore entitled to the entry of summary judgment as to Moorer's claim concerning FOIA requests numbers 2012-07089 and 2012-07090.

8. "'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). Moorer has not met that burden. The DOJ's motion for summary judgment [dkt 37] is **granted.**

IT IS SO ORDERED.

Date: 03/05/2014

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Stephan Moorer
Reg. No. 03502-007
FLORENCE ADMAX U.S. PENITENTIARY
Inmate Mail/Parcels
PO BOX 8500
FLORENCE, CO 81226